Filed 11/17/23  P. v. Ramirez CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>YAZMANI MORENO RAMIREZ,<br>    Defendant and Appellant. | A165641<br><br>(San Mateo County Super. Ct.<br>No. 20-SF-008831-A) |

Defendant Yazmani Moreno Ramirez appeals from the trial court's imposition of an indeterminate sentence of 25 years to life consecutive to a determinate term of 22 years, after a jury convicted him of multiple sex offenses involving his young daughter, Jane Doe.  Ramirez's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we remand for reconsideration of Ramirez's presentence credits but otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2022, the San Mateo County District Attorney filed an amended information alleging that, during the period on or between January 1, 2017 and August 23, 2018, Ramirez committed felony sexual intercourse

with a child ten years old or younger (Pen. Code,[1] § 288.7, subd. (a), count 1) and two counts of felony lewd act on a child (§ 288, subd. (a), counts 5 and 6). In addition, for the period from August 1, 2018 through July 27, 2020, Ramirez was charged with seven counts of felony oral copulation of a person under 14 (§ 287, subdivision (c)(1), counts 2, 3, 4, 26, 27, 28, and 29); 18 counts of felony lewd act on a child (§ 288, subd. (a), counts 7 through 24); and one count of felony continuous sexual abuse of a child under 14 (§ 288.5, subd. (a), count 25). Counts 5 through 25 were enhanced with allegations of substantial sexual conduct pursuant to section 1203.066, subdivision (a)(8). All counts were enhanced with numerous alleged circumstances in aggravation, including that the victim was particularly vulnerable and that Ramirez took advantage of a position of trust.

The jury trial took place over three days in May 2022. The following was among the evidence adduced at trial:

Jane Doe's mother testified that the family—herself, her husband Ramirez, their son (then 12 years old), and Jane Doe (then 10 years old)—moved from Sacramento to Redwood City on August 1, 2018. At some point in 2019, she left the bedroom in the middle of the night and discovered Ramirez laying on top of their daughter on the living room couch where she slept. Jane Doe had her clothes on and appeared to be asleep. Ramirez was wearing shorts. When Doe's mother confronted Ramirez, he said he did not know what he was doing, cried, and asked her to forgive him. She did not call the police. On July 27, 2020, Doe's mother got up in the night to check on Ramirez, who she thought had gone to the bathroom, because he had been gone a long time. He was already coming back to the bedroom, wearing only underwear and carrying his shorts. When she checked on her daughter, she

---

[1] All undesignated statutory references are to the Penal Code.

found Jane Doe with her pants and underwear around her knees. She called the police.

Jane Doe testified that on July 27, 2020, Ramirez came to where she was sleeping on the couch, took off her clothes, touched her breast and vagina with his hands, and put his penis inside her vagina. After he had sex with her, he wiped "white stuff" off her stomach. The first time her father had done anything sexual to her was in Sacramento when he took off her clothes and had sex with her in a bedroom. He told her not to tell anyone. There was also an incident where he told her to take her clothes off and they "did something" in the bathtub, but she did not remember the details. Other times while they lived in Sacramento, he "would touch [her] boobs." Once the family moved to Redwood City, Ramirez would touch her breasts approximately twice a week. Jane Doe testified that Ramirez would have sex with her "most of the Saturdays" in Redwood City and also stated they had sex "[p]robably, like, twice a week or something." Sometimes she told him she did not "want to do this anymore." Ramirez would kiss her, and he also put his mouth on her vagina "probably like three times,"[2] and had her suck his penis "probably . . . three times." She remembered her mother walking in once when Ramirez was on top of her, and her mother asked him what he was doing. She had her clothes on during that incident. She also recalled that one time when Ramirez kissed her, he gave her a hickey on her neck.

The prosecutor played Ramirez's *Mirandized*[3] statement for the jury, in which he ultimately admitted having sexual intercourse with his daughter on the night he was arrested and up to 20 times in the previous year. Ramirez

---

[2] Jane Doe remembered being interviewed previously and stating that Ramirez had licked her vagina " '[p]robably 5 or 6 times, but [she was] not really sure.' "

[3] See *Miranda v. Arizona* (1966) 384 U.S. 436.

said that they would kiss during intercourse, and also admitted that he engaged in lewd touching with his daughter twice at the Sacramento house when she was younger. He also acknowledged that he orally copulated Jane Doe twice and she orally copulated him once. He told Jane Doe not to tell her mother. Jane Doe occasionally asked him why he did "that" to her. She told him at least twice that she did not want to do these things anymore.

A DNA expert testified that a vulvar swab from Jane Doe included Ramirez as a contributor and a penile swab from Ramirez included Jane Doe as a contributor.

After resting, the prosecutor moved to dismiss count 25 for insufficient evidence and count 29 in the interests of justice. The court granted the motion. Ramirez presented no defense evidence. On May 26, 2022, the jury returned verdicts of guilty with respect to one count of sexual intercourse with a child ten or younger (count 1), six counts of oral copulation (counts 2, 3, 4, 26, 27, 28), and 20 counts of lewd acts on a child (counts 5 through 24). Having waived his right to a jury trial on all special allegations, the court found true as to all counts that the victim was particularly vulnerable and that Ramirez had taken advantage of a position of trust as factors in aggravation under section 1170, subdivision (b)(2). The court also found as to counts 5 through 24 that Ramirez had substantial sexual conduct with Jane Doe, who was under age 14, as set forth in section 1203.66, subdivision (a)(8).

At the sentencing hearing on June 24, 2022, the prosecutor requested that the court impose the maximum sentence of 83 years to life. Defense counsel requested 25 years to life. The court first made a finding of Ramirez's indigency with respect to court fines and fees. It then sentenced Ramirez to an indeterminate sentence of 25 years to life (count 1), consecutive to a determinate term of 22 years—an aggravated term of eight

4

years on count 19 and one-third the midterm (two years) on each of counts 2, 20 through 24, and 26.  The remaining counts were sentenced at the midterm and ordered to be served concurrently.  The court ordered 760 days of actual credits and 15 percent conduct credits (114 days), for total credits of 874 days.  It ordered numerous fines and fees permanently stayed due to indigency.  This timely appeal followed.

## DISCUSSION

As discussed above, Ramirez appeals from the trial court's June 2022 sentencing order made after a jury found him guilty of multiple sex offenses against his daughter, Jane Doe.  We appointed counsel to represent Ramirez on appeal.  After examining the record, counsel filed a *Wende* brief raising no issues and requesting that we independently review the record.  (*Wende, supra*, 25 Cal.3d 436, 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  Ramirez was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

We have examined the entire record and are satisfied that Ramirez's attorney has generally complied with his responsibilities and that no arguable issue exists.  However, it appears that the trial court may have incorrectly awarded Ramirez 760 days of actual presentence custody credits.  While this is the number contained in the probation report and is the number to which both attorneys agreed, the record establishes that Ramirez was arrested on July 27, 2020, and sentenced on June 24, 2022.  By our calculation, the number of days between the arrest date and the date of sentencing is 698.  Applying the limitation on conduct credits contained in section 2933.1, it appears Ramirez would have been entitled to an additional 104 days of conduct credits, for a total of 802 days of presentence credits.

5

Under the circumstances, we will issue a limited remand for reconsideration of presentence credits.

## DISPOSITION

The case is remanded to the trial court to reconsider the total presentence credits awarded to Ramirez.  If the presentence credits are revised, the trial court shall prepare an amended abstract of judgment reflecting the new numbers and shall forward a copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

BOWEN, J.*

WE CONCUR:


HUMES, P. J.


BANKE, J.


A165641N

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.